UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-187-FDW

| | |
|---|---|
| NELSON TAVARES, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| STATE ACTORS, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has filed a motion to proceed *in forma pauperis*, (Doc. No. 2).

**I.     BACKGROUND**

*Pro se* Plaintiff has filed the Complaint pursuant to 42 U.S.C. § 1983 while incarcerated at the Alexander Correctional Institution. He names as Defendants State Actors who are medical providers at Alexander C.I., and medical providers Johnson and Martha Kalinski.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff had an open wound on his second right toe for almost a year. During that time "they never got [him] the right doctors to try to save the toe," and failed to take him to see a podiatrist or wound doctor. (Doc. No. 1 at 2). This resulted in Plaintiff having his toe amputated. He claims that:

> If they would of sent me to the profesinal wond doctor, I'd probably would still have my toe, they kept me pumped with antibiotics it stop working. They even forgot that I had stitches, when I told them nurse (Green) she told the doctor, they rushed me to the Emergency room to get them removed. 7 day's past due date. Now the wound still is not healed.

(Doc. No. 1 at 3).

Plaintiff names as his causes of action "neglect" and "pain and suffering." (Doc. No. 1 at

1

3). He alleges that the Defendants did not listen to him, "they made their own choices [and] went around the problem instead of solving the issue." (Doc. No. 1 at 3). As a result, Plaintiff had bad pain, swelling, and black and blue for almost a year and he is still in pain.

## II. SCREENING STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Deliberate Indifference**

Construing the Complaint liberally, it appears that Plaintiff may be attempting to state a claim of medical deliberate indifference.[1]

"Prisoners alleging that they have been subjected to unconstitutional conditions of confinement must satisfy the Supreme Court's two-pronged test set forth in Farmer v. Brennan[,511 U.S. 825 (1994)]." Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). First, "Farmer's objective prong requires plaintiffs to demonstrate that 'the deprivation alleged [was], objectively, sufficiently serious.'" Scinto, 841 F.3d at 225. In order to be sufficiently serious, the deprivation must pose "a serious or significant physical or emotional injury resulting from the challenged conditions," or "a substantial risk of such serious harm resulting from ... exposure to the challenged conditions." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks and citation omitted).

As applied to prisoners, this constitutional guarantee encompasses a right to medical care

---

[1] Confusingly, Plaintiff states that the Defendants were not acting under the color of state law at the times that his claims occurred. See (Doc. No. 1 at 1-2). To the extent that Plaintiff truly intends to pursue only negligence claims, he must pursue such an action in the North Carolina courts.

for serious medical needs, including psychological needs. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, "mere '[d]isagreements between an inmate and a physician over the inmate's proper medical care' are not actionable absent exceptional circumstances." Scinto, 841 F.3d at 225 (quoting Wright v. Collins, 766 F.2d 841, 840 (4th Cir. 1985)).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106. To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), *aff'd*, 535 F.2d 1250 (4th Cir. 1976).

As a preliminary matter, Plaintiff names as a Defendant "State Actors" who are employed

4

as medical providers at Alexander C.I. (Doc. No. 1 at 1). It appears that Plaintiff is attempting to name the entire Alexander C.I. medical department as a Defendant. However, the medical department of a prison may not be sued because it is not a person within the meaning of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70–71 (1989); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir.1973). Therefore, the Complaint will be dismissed as to "State Actors."

The Complaint alleges that "they" failed to send Plaintiff to a podiatrist or wound doctor during a period of almost a year for a toe that was painful, swollen, and black and blue. (Doc. No. 1 at 2). "They" provided antibiotics that stopped working, would not listen to him, "made their own choices [and] went around the problem" instead of solving the issue. (Id.). Ultimately Plaintiff's toe was amputated. Plaintiff further claims that the stitches were not taken out on time and that he is still experiencing pain.

The Complaint is too vague and conclusory to proceed. Plaintiff fails to make any specific allegations against Defendant Kalinski or Johnson or explain how each of them was involved in his care. He does not make any allegations regarding their knowledge of his serious medical need and their conscious disregard of an excessive risk to Plaintiff's health or safety that was more than negligent. The Complaint alleges only negligence and disagreement with the provided course of care, neither of which is actionable under § 1983 as a claim for medical deliberate indifference.

Therefore, Plaintiff's deliberate indifference claim is insufficient to proceed against any of the named Defendants and will be dismissed.

## (2) North Carolina Negligence

Liberally construing the Complaint, it appears that Plaintiff may be attempting to state a claim for medical negligence under North Carolina law.

The district courts have supplemental jurisdiction over claims that are so related to the claims over which the court has original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4).

Plaintiff alleges that Defendants were medically negligent in treating the wound on his toe. However, the § 1983 medical deliberate indifference claim is insufficient to proceed. Therefore, the Court will decline to extend supplemental jurisdiction over his North Carolina medical negligence claim at this time.

## IV. CONCLUSION

For the reasons stated herein, the Complaint fails to state a claim upon which relief can be granted and is therefore dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and

Directing the Correctional Facility to Transmit Partial Payments.

3. The Clerk is directed to close this case.

Signed: January 14, 2019

Frank D. Whitney
Chief United States District Judge